UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD GRISAFI, on behalf of himself and the Putative Class<br><br>                    Plaintiff,<br>v.<br><br>SONY ELECTRONICS INC.<br><br>                    Defendant. | No. 2:18-cv-08494-JMV-JBC<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS-ACTION SETTLEMENT |

On _July 19, 2021_, this Court heard Plaintiff Richard Grisafi's ("Plaintiff") motion for final approval of the class-action settlement (the "Motion").

The Court previously entered an Order dated _12/7/20_, preliminarily approving the Settlement, certifying the putative class in the above-captioned action (the "Action") for settlement purposes only, ordering notice to be provided to Class Members by email and publication with a Settlement Website that posted the Full Notice and certain docket entries from this case, scheduling a Final Approval Hearing _for 7/19/21_ [JBC], and providing an opportunity for Class Members to object to the proposed settlement (the "Preliminary Approval Order").

NOW THEREFORE, upon review and consideration of the Motion and supporting papers, including the Settlement Agreement and Release ("Settlement Agreement")[1] and Counsel's arguments, and finding that substantial and sufficient grounds exist for entering this Order, _and for the reasons stated herein and on the record_ [JBC]

IT IS this _19th_ day of _July_, 2021

**ORDERED and ADJUDGED as follows:**

1.     The Court has jurisdiction over the subject matter of this Action and all Parties to

---

[1] The Settlement Agreement, including all exhibits thereto, are hereby incorporated into this Order. Unless otherwise stated herein, the terms defined in the Settlement Agreement shall have the same meanings herein.

1

the Action, including all Class Members, and venue is proper in this District.

2. Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves it. The Court has come to this determination pursuant to the factors outlined in cases such as *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998). Among other matters considered, the Court took into account:

   a. ***The complexity, expense, and likely duration of the litigation.*** This case presents complex factual and legal questions that, absent settlement, would have to be resolved through extensive proceedings for which the outcome is uncertain, including contested class certification proceedings involving experts and an extensive factual record, *Daubert* challenges, summary judgment briefing, and a complicated, lengthy trial of any claims that survive summary judgment. An appeal almost certainly would follow any ruling on class certification, summary judgment, and/or trial, whatever its outcome, thereby further delaying this case's final resolution for a period of months or even years.

   b. ***The reaction of the Class to the Settlement.*** The reaction of the Class to the Settlement has been highly favorable. Of the more than 100,000 potential Class Members, none have timely opted out and not a single objection has been filed.

   c. ***The stage of the proceedings and the amount of discovery completed.*** There has been sufficient discovery during the three years this Action has been pending. The Parties have conducted an investigation of the facts and have analyzed the relevant legal issues in regard to the claims and defenses asserted in the Action. The Parties have participated in preliminary fact discovery, including exchanging numerous

written discovery requests and responses, as well as discovery conducted in connection with the mediation.

d. ***The risks of establishing liability and the risks of establishing damages.*** Defendant Sony Electronics Inc. ("Sony") vigorously disputes both liability and damages, as well as the ability to make those determinations on a class-wide basis. Plaintiff's ability to establish both liability and damages will likely hinge in large part on expert testimony, which is admissible only if it meets the requirements of the Federal Rules of Evidence and *Daubert*.

e. ***The risks of maintaining class action status through trial.*** While Sony consents to the certification of a class for settlement purposes, it has indicated its vehement opposition to any attempt to certify a litigation class for trial. Plaintiff acknowledges, and the Court finds, that there is a risk that a class action cannot be maintained through a trial.

f. ***The ability of Defendant to withstand a greater judgment.*** The Third Circuit has explained that the mere fact that a Defendant "could afford to pay more does not mean that it is obligated to pay any more than what [the class members] are entitled to under the theories of liability that existed at the time the settlement was reached." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 538 (3d Cir. 2004). Here, the Settlement represents a fair, reasonable, and adequate payment under the Plaintiff's theories of liability.

g. ***The reasonableness of the Settlement in light of the best possible recovery and in light of all the attendant risks of litigation.*** Cash payments of $11.25 or $35 to

Class Members represent a substantial recovery in light of Sony's numerous challenges to Plaintiff's theories of liability.

3. **_Negotiated Settlement._** The Court finds that extensive arm's-length negotiations have taken place, in good faith, between Class Counsel and Sony's Counsel resulting in the Settlement Agreement. _See Demmick v. Cellco P'ship_, 2015 WL 13643682, at *5 (D.N.J. May 1, 2015). These negotiations were presided over by an experienced mediator, former United States District Judge Stephen Orlofsky.

4. **_Notice to Class._** The Court finds that Sony provided notice to Class Members in compliance with Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final Fairness Hearing.

5. **_Class Certification for Settlement Purposes._** For the reasons stated in the Preliminary Approval and Provisional Settlement Class Certification Order, and having found no objections that would disturb these previous findings have been submitted, the Court finds and determines that the proposed Settlement Class, as defined below, meets all of the legal requirements for class certification for settlement purposes under Federal Rule of Civil Procedure 23(a) and (b)(3).

6. **_Class Members._** The Class Members are defined as:

> *All individuals who (i) purchased a new Sony dash Personal Internet Viewer in the United States prior to July 12, 2017 and (ii) were residents of the United States at the time of purchase.*
>
> *Excluded from the Class are Sony's Counsel, Sony's officers and directors, and the judges presiding over the Action.*

7. **Consummation of Settlement Agreement.** Class Counsel and Sony are directed to consummate the Settlement in accordance with the Settlement Agreement. Sony, through the Claims Administrator, will issue a Settlement Payment to each Class Member who submitted a valid and timely Claim Form (*i.e.*, each Authorized Claimant) pursuant to the timeline stated in Section 3.11 of the Settlement Agreement. Without further order of the Court, the Parties may agree to reasonable extensions of the time to carry out any provisions of the Settlement Agreement.

8. **Incentive Award to Class Representative.** The Court appoints Richard Grisafi as Class Representative. An incentive award to Plaintiff of $ 10,000.00 is fair and reasonable in light of: (a) Plaintiff's risks in commencing this Action as the Class Representative and (b) the time and effort spent by Plaintiff in litigating this Action as the Class Representative. Payment shall be made pursuant to the timeline stated in Section 2.3 of the Settlement Agreement.

9. Bruce H. Nagel and Randee M. Matloff of the law firm of Nagel Rice, LLP were previously conditionally appointed as Class Counsel to the Settlement Class in the Preliminary Approval Order and are herein confirmed and appointed as Class Counsel for the Settlement Class.

10. **Attorneys' Fees and Costs.** Class Counsel is awarded $ 418,675.35 in fees and costs. Payment shall be made pursuant to the timeline stated in Section 2.3 of the Settlement Agreement.

11. **Release.** Plaintiff and all Class Members are: (1) deemed to have released and discharged Sony from all claims arising out of or asserted in this Action and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or

prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Sections 4.4 and 4.5 of the Settlement Agreement and are specifically incorporated herein by this reference.

**12.** *Binding Effect of Order.* This Order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members. No Class Members have requested exclusion under Paragraph 20 of the Preliminary Approval Order.

**13.** *No Admissions.* Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**14.** *Court's Jurisdiction.* Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, the Court shall retain jurisdiction over the Parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement in accordance with its terms for the mutual benefit of the Parties.

Dated: July 19, 2021

Hon. James B. Clark, III
U.S. MAGISTRATE JUDGE